**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIKE KHAN, et al., | Case No. 2:20-CV-427 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Khan et al v. State Farm Mut. Auto. Ins. Co.*, case number 2:20-cv-00427-JCM-VCF.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This court also has the inherent power to sua sponte dismiss a case for want of prosecution or compliance with court orders. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

This inherent power is also codified in this court's local rules. Local Rule 41-1 provides that "[a]ll civil actions that have been pending in this court for more than 270 days without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party." LR 41-1.

On August 31, 2021, the court notified the parties that "[i]f no action is taken in this case within 30 days, the Court will enter an order of dismissal for want of prosecution." (ECF No. 18).  No action has been taken since that deadline of September 30, 2021.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this matter be, and the same hereby is, DISMISSED for want of prosecution.

The clerk shall close this case.

DATED October 6, 2021.

                                          _____
                                          UNITED STATES DISTRICT JUDGE